UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVON SMITH, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-81 RM |
| | ) (Arising from 3:09-CR-133(01)RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

On May 13, 2010, the court sentenced Devon Smith to a total term of 66 months imprisonment based on his pleas of guilty to three counts of drug and firearms offenses. Mr. Smith didn't appeal his sentence, but in February 2011 challenged his sentence in a petition filed pursuant to 28 U.S.C. § 2255. The court denied the petition on March 15, 2011, and Mr. Smith later withdrew his appeal of that denial. He is now before the court asking for relief or modification of judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b) provides that a court may "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated;

or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60 is an "extraordinary remedy that is only to be granted under exceptional circumstances." <u>Talano v. Northwestern Med. Faculty Found., Inc.</u>, 273 F.3d 757, 762 (7th Cir. 2001).

Mr. Smith claims that the factual predicate for his claim "could not have been discovered previously through the exercise of due diligence and the facts underlying the claim if proven and viewed in the light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for Constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense" Mot., at 1-2. Mr. Smith has provided no facts to support those claims; he merely asserts that the court shouldn't have accepted his plea "since there was no evidence to support the plea." Mot., at 4.

Contrary to Mr. Smith's statement in his motion that the factual predicate for his claim couldn't have been discovered earlier, his current claim – that he's actually innocent of possessing a firearm in furtherance of a drug trafficking crime – is the claim he raised in the § 2255 petition he filed last year. In addressing that earlier argument, the court noted that Mr. Smith had testified at his change of plea hearing that his plea was knowing and voluntary, that no one had used any threats or made any promises to get him to plead guilty, that he had possessed marijuana with the intent to sell or distribute it to others, and that he had purchased and possessed firearms to protect himself and the marijuana he

2

possessed and distributed from his apartment. Op. and Ord. (Mar. 15, 2011), at 2-3. The court concluded as follows:

> Mr. Smith admitted that he had purchased the firearms as protection for himself and his drug business. Those sworn statements are presumed truthful when determining whether his plea was knowing and voluntary. Because the record supports a finding that Mr. Smith's guilty plea was a voluntary and intelligent choice among the alternate courses of action open to him, and Mr. Smith admitted that he possessed firearms to protect and further his drug trafficking business, he can't prevail on his claim that he is actually innocent of the charge in Count 1 [of the Indictment].

Op. and Ord. (Mar. 15, 2011), at 4 (internal quotations and citations omitted). Mr. Smith's disagreement with the court's denial of his § 2255 petition isn't an appropriate basis for a motion for relief from judgment.

Because Mr. Smith hasn't demonstrated any exceptional circumstances that would justify relief under Rule 60(b)(6), the court DENIES his motion for relief or modification of judgment [civil docket # 10; criminal docket # 44].

SO ORDERED.

ENTERED:  April 9, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: D. Smith
AUSA Barrett